# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
### TYLER DIVISION

| | |
|---|---|
| ADAPTIX, INC.,<br>　　　　　　　Plaintiff,<br>v.<br><br>ALCATEL-LUCENT USA, INC.,<br>AT&T, INC., AT&T MOBILITY, LLC,<br>CELLCO PARTNERSHIP D/B/A<br>VERIZON WIRELESS, and SPRINT<br>SPECTRUM, L.P.<br>　　　　　　　Defendants. | Case No.  6:15-cv-00041<br><br>**ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**JURY TRIAL REQUESTED** |

## COMPLAINT

This is an action for patent infringement in which Plaintiff, ADAPTIX, Inc. ("ADAPTIX"), complains against Defendants Alcatel-Lucent USA, Inc. ("ALU"), AT&T, Inc. and AT&T Mobility, LLC (together "AT&T"), Cellco Partnership d/b/a Verizon Wireless ("Verizon"), and Sprint Spectrum, L.P. ("Sprint") (collectively "Defendants") as follows:

## THE PARTIES

1. ADAPTIX is a Delaware corporation with its principal place of business at 2400 Dallas Parkway, Suite 200, Plano, TX 75093.

2. ALU is a Delaware corporation with its principal place of business at 600-700 Mountain Avenue, Murray Hill, New Jersey 07974, and regularly does business in this judicial district at 601 Data Drive, Plano, Texas 75075 by, among other things, committing the infringing acts giving rise to this Complaint.

3. AT&T, Inc. is a Delaware corporation with its principal place of business at 208 South Akard Street, Dallas, Texas 75202, and regularly does business in Texas and in this judicial district by, among other things, committing the infringing acts giving rise to this Complaint**.**

4. AT&T Mobility, LLC is a Delaware corporation with its principal place of business at

Glenridge Highlands Two, 5565 Glenridge Connector, Atlanta, Georgia 30342, and regularly does business in this judicial district at 701 N. Central Expressway, Plano, Texas 75075 by, among other things, committing the infringing acts giving rise to this Complaint.

5. Verizon is a Delaware corporation with its principal place of business at 1 Verizon Way, Basking Ridge, New Jersey 07920, and regularly does business in this judicial district at 741 N. Central Expressway, Plano, Texas 75075 by, among other things, committing the infringing acts giving rise to this Complaint.

6. Sprint is a Delaware corporation with its principal place of business at 6200 Sprint Parkway, Overland Park, Kansas 66251, and regularly does business in this judicial district at 921 N. Central Expressway, Plano, Texas 75075 by, among other things, committing the infringing acts giving rise to this Complaint.

## JURISDICTION AND VENUE

7. This action arises under the patent laws of the United States, Title 35 of the United States Code, 35 U.S.C. §§ 101 *et seq*.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

8. Defendants are subject to this Court's specific and general personal jurisdiction, pursuant to due process and/or the Texas Long Arm Statute.

9. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b-c) and 1400(b) because Defendants, *inter alia*, regularly conduct business in and have committed the acts giving rise to this action within this judicial district.

## COUNT I
## (INFRINGEMENT OF U.S. PATENT NO. 8,934,445)

10. ADAPTIX incorporates by reference paragraphs 1 through 9 herein.

11. This cause of action arises under the patent laws of United States of America and 35 U.S.C.

§§ 271 *et seq.*

12. ADAPTIX is the owner by assignment of United States Patent No. 8,934,445, entitled

    "Multi-Carrier Communications with Cluster Configuration and Switching" ("the '445

    Patent"), with ownership of all substantial rights therein, including the right to exclude others

    and to sue and recover damages for the past and future infringement thereof.  A true and

    correct copy of the '445 Patent is attached as Exhibit A.

13. The '445 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of

    the United States Code.

14. ALU has directly infringed and continues to directly infringe at least Claims 1 and 8 of the

    '445 Patent by, among other things, making, using, offering for sale, selling and/or importing

    LTE cellular base stations, including without limitation the 9412 eNodeB Compact, the 9460

    Pico, the 9926 Distributed Base Station, the 9442 Remote Radio Head, the lightRadio 9711

    Indoor Base Station for LTE, the lightRadio 9712 Outdoor Base Station for LTE, and 9760

    Small Cells, including the 9764 Metro Cell Outdoor LTE and the 9768 Metro Radio Outdoor,

    for use on the 4G LTE Wireless Networks controlled by AT&T, Verizon, and Sprint,

    respectively.  ALU is thereby liable for infringement of the '445 Patent pursuant to 35 U.S.C.

    § 271(a).

15. AT&T has directly infringed and continues to directly infringe at least Claims 1 and 8 of the

    '445 Patent by, among other things, using the accused LTE cellular base stations, including

    without limitation the 9412 eNodeB Compact, the 9460 Pico, the 9926 Distributed Base

    Station, the 9442 Remote Radio Head, the lightRadio 9711 Indoor Base Station for LTE, the

    lightRadio 9712 Outdoor Base Station for LTE, and 9760 Small Cells, including the 9764

    Metro Cell Outdoor LTE and the 9768 Metro Radio Outdoor, to operate its 4G LTE Wireless

Network.  AT&T is thereby liable for infringement of the '445 Patent pursuant to 35 U.S.C. §
271(a).

16. Verizon has directly infringed and continues to directly infringe at least Claims 1 and 8 of the
'445 Patent by, among other things, using the accused LTE cellular base stations, including
without limitation the 9412 eNodeB Compact, the 9460 Pico, the 9926 Distributed Base
Station, the 9442 Remote Radio Head, the lightRadio 9711 Indoor Base Station for LTE, the
lightRadio 9712 Outdoor Base Station for LTE, and 9760 Small Cells, including the 9764
Metro Cell Outdoor LTE and the 9768 Metro Radio Outdoor, to operate its 4G LTE Wireless
Network.  Verizon is thereby liable for infringement of the '445 Patent pursuant to 35 U.S.C.
§ 271(a).

17. Sprint has directly infringed and continues to directly infringe at least Claims 1 and 8 of the
'445 Patent by, among other things, using the accused LTE cellular base stations, including
without limitation the 9412 eNodeB Compact, the 9460 Pico, the 9926 Distributed Base
Station, the 9442 Remote Radio Head, the lightRadio 9711 Indoor Base Station for LTE, the
lightRadio 9712 Outdoor Base Station for LTE, and 9760 Small Cells, including the 9764
Metro Cell Outdoor LTE and the 9768 Metro Radio Outdoor, to operate its 4G LTE Wireless
Network.  Sprint is thereby liable for infringement of the '445 Patent pursuant to 35 U.S.C. §
271(a).

18. ALU has indirectly infringed and continues to indirectly infringe at least Claim 1 of the '445
Patent in this judicial district and elsewhere in the United States by, among other things,
making, offering for sale to, selling to and/or importing for sale to AT&T, Verizon, and
Sprint LTE cellular base stations, including without limitation the 9412 eNodeB Compact,
the 9460 Pico, the 9926 Distributed Base Station, the 9442 Remote Radio Head, the

lightRadio 9711 Indoor Base Station for LTE, the lightRadio 9712 Outdoor Base Station for LTE, and 9760 Small Cells, including the 9764 Metro Cell Outdoor LTE and the 9768 Metro Radio Outdoor, for use on their respective 4G LTE Wireless Networks.  ALU's end users, including without limitation AT&T, Verizon, and Sprint, who purchase systems and components thereof and operate such systems and components in accordance with ALU's instructions directly infringe one or more claims of the '445 Patent in violation of 35 U.S.C § 271.  To the extent such end users are held to have directly infringed, ALU is thereby liable for infringement of the '445 Patent pursuant to 35 U.S.C. § 271(b).

19. ALU will have been on notice of the '445 Patent since, at the latest, the service of this Complaint.  By the time of trial, ALU will thus have known and intended (since receiving such notice) that its continued actions would induce actual infringement of at least Claim 1 of the '445 Patent.

20. ALU has indirectly infringed and continues to indirectly infringe at least Claim 1 of the '445 Patent by, among other things, contributing to the direct infringement of others, including without limitation AT&T, Verizon, Sprint, and other end users of its LTE cellular base stations, including without limitation the 9412 eNodeB Compact, the 9460 Pico, the 9926 Distributed Base Station, the 9442 Remote Radio Head, the lightRadio 9711 Indoor Base Station for LTE, the lightRadio 9712 Outdoor Base Station for LTE, and 9760 Small Cells, including the 9764 Metro Cell Outdoor LTE and the 9768 Metro Radio Outdoor, by supplying systems and components that infringe one or more claims of the '445 Patent in violation of 35 U.S.C. § 271(c).

21. To the extent such end users are held to directly infringe at least Claim 1 of the '445 Patent, ALU has contributed, and continues to contribute, to the direct infringement of others by

making, offering to sell, selling, re-selling, and/or importing into the United States a

component of a patented apparatus that constitutes a material part of the invention, knowing

the same to be especially made or especially adapted for use in infringement of the '445

Patent and not a staple article or commodity of commerce suitable for substantial non-

infringing use.

22. ALU will have been on notice of the '445 Patent since, at the latest, the service of this

Complaint.  By the time of trial, ALU will thus have known and intended (since receiving

such notice) that its actions would contribute to actual infringement of at least Claim 1 of the

'445 Patent.

23. ADAPTIX has been reparably and irreparably damaged as a result of Defendants' infringing

conduct described in this Count.  Defendants are thus liable to ADAPTIX for an amount that

adequately compensates ADAPTIX for Defendants' infringement, which, by law, cannot be

less than a reasonable royalty, together with interest and costs as fixed by this Court under 35

U.S.C. § 284.  Additionally, such irreparable damage will continue until Defendants are

enjoined pursuant to 35 U.S.C. § 283.

## PRAYER FOR RELIEF

Wherefore, ADAPTIX respectfully requests that this Court enter:

A. Judgment in favor of ADAPTIX that ALU, AT&T, Verizon, and Sprint have directly

infringed the '445 Patent, as aforesaid;

B. Judgment in favor of ADAPTIX that ALU has indirectly infringed the '445 patent, as

aforesaid;

C. A permanent injunction enjoining Defendants, their officers, directors, agents, servants,

affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in

active concert or privity therewith from direct and/or indirect infringement of the '445

Patent pursuant to 35 U.S.C. § 283;

D.  An order requiring Defendants to pay ADAPTIX its damages with pre- and post-

judgment interest thereon pursuant to 35 U.S.C. § 284;

E.  A determination that this case is exceptional pursuant to 35 U.S.C. § 285;

F.  An order awarding ADAPTIX its attorneys' fees and costs incurred herein pursuant to 35

U.S.C. § 287; and

G.  Any and all further relief to which the Court may deem ADAPTIX entitled.

## DEMAND FOR JURY TRIAL

ADAPTIX hereby requests a trial by jury on all issues so triable by right pursuant to Fed.

R. Civ. P. 38.

Dated: January 13, 2015                     Respectfully submitted,

By: /s/ *Paul J. Hayes*
Paul J. Hayes
James J. Foster
**HAYES MESSINA GILMAN & HAYES LLC**
200 State Street, 6th Floor
Boston, MA 02109
Telephone: (617) 345-6900
Facsimile: (617) 443-1999
Email: phayes@hayesmessina.com
Email: jfoster@hayesmessina.com

Craig Tadlock
Texas State Bar No. 00791766
Keith Smiley
Texas State Bar No. 24067869
TADLOCK LAW FIRM PLLC
2701 Dallas Parkway, Suite 360
Plano, Texas 75093
Phone:  (903) 730-6789

Email:  craig@tadlocklawfirm.com
         keith@tadlocklawfirm.com

**ATTORNEYS FOR THE PLAINTIFF
ADAPTIX, INC.**