**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| **ADAPTIX, INC.,** ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 6:15-cv-00041 |
| ) | **(LEAD CASE)** |
| v. ) | |
| ) | |
| **ALCATEL-LUCENT USA, INC. ET AL** ) | **JURY TRIAL DEMANDED** |
| ) | |
| Defendants. ) | |

**DEFENDANTS ERICSSON INC. AND TELEFONAKTIEBOLAGET
LM ERICSSON'S ANSWER AND
COUNTERCLAIMS TO PLAINTIFF'S AMENDED COMPLAINT**

Defendants Telefonaktiebolaget LM Ericsson and Ericsson Inc. (collectively, "the Ericsson Defendants") file this Answer and Counterclaims to Plaintiff Adaptix, Inc.'s ("Plaintiff") Amended Complaint for Patent Infringement (the "Complaint"), filed on June 12, 2015 (Dkt. No. 18).

**THE PARTIES**

1. The Ericsson Defendants are without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 1 of the Complaint, and therefore deny them.

2. The Ericsson Defendants admit that Ericsson Inc. is a Delaware corporation with a principle place of business at 6300 Legacy Drive, Plano, Texas 75024. The Ericsson Defendants admit that Ericsson Inc. does business in this judicial district. The Ericsson Defendants deny the remaining allegations of Paragraph 2 of the Complaint.

3. The Ericsson Defendants admit that Telefonaktiebolaget LM Ericsson ("LME") is a Swedish corporation with a principle place of business at Torshamnsgatan 23, Kista, 164 83

Stockholm, Sweden. The Ericsson Defendants deny the remaining allegations of Paragraph 3 of the Complaint.

4. The Ericsson Defendants are without sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 4 of the Complaint, and therefore deny them.

5. The Ericsson Defendants are without sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 5 of the Complaint, and therefore deny them.

## JURISDICTION AND VENUE

6. The Ericsson Defendants admit that the Complaint purports to pursue an action for patent infringement under the provisions of the Patent Laws of the United States of America, Title 35 of the United States Code. The Ericsson Defendants deny that the Complaint properly states such claims, and specifically deny any wrongdoing or infringement. The Ericsson Defendants admit that the Court has subject-matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§ 1331 and 1338(a).

7. The Ericsson Defendants admit that for the purposes of this action the Court has personal jurisdiction over Ericsson Inc. and LME. The Ericsson Defendants deny the remaining allegations of Paragraph 7 as they pertain to the Ericsson Defendants. The Ericsson Defendants are without sufficient information to admit or deny the remaining allegations in Paragraph 7, and therefore deny them.

8. The Ericsson Defendants admit that it has transacted business in this district, but deny that it has committed any wrongdoing or infringement (whether direct or indirect) with respect to the patent named in the Complaint. The Ericsson Defendants admit that venue is proper in this jurisdiction solely for the purposes of this action pursuant to 28 U.S.C. §§ 1391 and 1400(b). The Ericsson Defendants deny the remaining allegations contained in Paragraph 8

of the Complaint as they pertain to the Ericsson Defendants. The Ericsson Defendants are without sufficient knowledge or information to admit or deny the remaining allegations of Paragraph 8, and therefore deny them.

## COUNT I

### (Infringement of U.S. Patent No. 8,934,445)

9. The Ericsson Defendants repeat and reallege its responses to Paragraphs 1-8 of this Reply as if fully set forth herein.

10. The Ericsson Defendants admit that the Complaint purports to be an action for patent infringement. The Ericsson Defendants deny each and every infringement allegation directed at Ericsson defendants and deny all other allegations of Paragraph 10 of the Complaint.

11. The Ericsson Defendants admit that, on its face, United States Patent No. 8,934,445 (the "'445 Patent") is entitled "MULTI-CARRIER COMMUNICATIONS WITH ADAPTIVE CLUSTER CONFIGURATION AND SWITCHING." The Ericsson Defendants admit that a copy of the '445 Patent was attached as Exhibit A to the Complaint. The Ericsson Defendants are without sufficient knowledge or information to admit or deny the remaining allegations of Paragraph 11, and therefore deny them.

12. The Ericsson Defendants deny the allegations of Paragraph 12.

13. The Ericsson Defendants deny the allegations contained in Paragraph 13 as they pertain to the Ericsson Defendants. The Ericsson Defendants are without sufficient knowledge or information to admit or deny the remaining allegations of Paragraph 13, and therefore deny them.

14. The Ericsson Defendants deny the allegations contained in Paragraph 14 as they pertain to the Ericsson Defendants. The Ericsson Defendants are without sufficient knowledge

or information to admit or deny the remaining allegations of Paragraph 14, and therefore deny them.

15. The Ericsson Defendants deny the allegations contained in Paragraph 15 as they pertain to the Ericsson Defendants. The Ericsson Defendants are without sufficient knowledge or information to admit or deny the remaining allegations of Paragraph 15, and therefore deny them.

16. The Ericsson Defendants deny the allegations contained in Paragraph 16 as they pertain to the Ericsson Defendants. The Ericsson Defendants are without sufficient knowledge or information to admit or deny the remaining allegations of Paragraph 16, and therefore deny them.

17. The Ericsson Defendants deny the allegations contained in Paragraph 17 as they pertain to the Ericsson Defendants. The Ericsson Defendants are without sufficient knowledge or information to admit or deny the remaining allegations of Paragraph 17, and therefore deny them.

18. The Ericsson Defendants admit that it has been on notice of the '445 Patent since the service of Plaintiff's Original Complaint for Patent Infringement, filed on January 13, 2015 (Dkt. No. 1), in this action. The Ericsson Defendants deny the remaining allegations of Paragraph 18.

19. The Ericsson Defendants deny the allegations contained in Paragraph 19 as they pertain to the Ericsson Defendants. The Ericsson Defendants are without sufficient knowledge or information to admit or deny the remaining allegations of Paragraph 19, and therefore deny them.

20. The Ericsson Defendants are without sufficient knowledge or information to admit or deny the allegations of Paragraph 20, and therefore deny them.

21. The Ericsson Defendants deny the allegations contained in Paragraph 21 as they pertain to the Ericsson Defendants. The Ericsson Defendants are without sufficient knowledge or information to admit or deny the remaining allegations of Paragraph 21, and therefore deny them.

22. The Ericsson Defendants are without sufficient knowledge or information to admit or deny the allegations of Paragraph 22, and therefore deny them.

23. The Ericsson Defendants deny the allegations of Paragraph 23.

## PRAYER FOR RELIEF

The Ericsson Defendants deny that Adaptix is entitled to any relief sought in the Complaint against the Ericsson Defendants. Adaptix's prayer therefore should be denied in its entirety and with prejudice. To the extent not expressly addressed above, the factual allegations in the Complain are denied.

## DEMAND FOR JURY TRIAL

The Ericsson Defendants admit that Plaintiff has requested a trial by jury.

## ADDITIONAL DEFENSES

24. In addition to the defenses set forth below, the Ericsson Defendants expressly reserve the right to allege additional defenses, including, without limitation, unenforceability and/or inequitable conduct as they become known throughout the course of discovery.

### First Defense: Non-Infringement

25. The Ericsson Defendants do not infringe and have not infringed, directly, indirectly or jointly, literally or by the doctrine of equivalents, any valid and enforceable claim of the '445 Patent.

### Second Defense: Invalidity

26. The claims of the '445 Patent is invalid for failure to comply with the requirements of Title 35 of the United States Code, including, without limitation, 35 U.S.C. §§ 101, 102, 103, 112, and/or 282.

### Third Defense: Estoppel/Waiver

27. Plaintiff's claims for relief are barred in whole or in part by estoppel and/or waiver.

28. Plaintiff's claims for relief are barred in whole or in part by prosecution history estoppel and/or prosecution history disclaimer based on amendments, statements, admissions, omissions, representations, disclaimers and/or disavowals made by the applicants of the '445 Patent.

### Fourth Defense: Limitations on Damages

29. Upon information and belief, Plaintiff's claims for damages for alleged infringement are limited by 35 U.S.C. §§ 286 and 287. For example, Plaintiff is prohibited from recovering damages for activities alleged to have occurred before Plaintiff provides actual notice of activities alleged to infringe.

### Fifth Defense: Injunctive Relief Unavailable

30. Plaintiff's claims for injunctive relief are barred because Plaintiff has failed to meet the requirements for injunctive relief.

### Sixth Defense:  Failure to State a Claim

31. Plaintiff's Complaint fails to state a claim upon which relief may be granted.

### Seventh Defense: License

32. Upon information and belief, Plaintiff's Complaint is barred because the Ericsson Defendants are authorized, in whole or in part, through license, covenant, exhaustion, and/or other authorization to practice the '445 Patent.

### Eighth Defense: Laches

33. Plaintiff's relief is limited under the doctrines of laches, estoppel, and/or implied license.

### Ninth Defense: Unclean Hands

34. In the mid to late 1990s, AT&T Wireless Services, Inc. ("AT&T") developed a wireless system incorporating orthogonal frequency-division multiple access ("OFDMA") technology, code named "Project Angel." Project Angel was a fixed wireless system that used both a base station and a remote unit for transmitting data through wireless systems based on OFDMA technology.

35. During AT&T's development of Project Angel, AT&T created a number of confidential documents, data, and source code related to the project.  AT&T marked the documents, data, and source code as "proprietary" and "confidential" to ensure their protection and prevent their disclosure.  For example, AT&T employees working on Project Angel were required to sign a non-disclosure agreement ("NDA") which precluded employees from disclosing AT&T's confidential information.  AT&T took additional precautions to protect Project Angel during its development, such as covering windows in buildings with metalized film to prevent unauthorized personnel from electronically eavesdropping on AT&T personnel

associated with Project Angel. AT&T also sought and obtained a number of patents related to Project Angel, resource allocation, and OFDMA technology.

36. James Hite started working at AT&T and on Project Angel in 1995. Mr. Hite signed an NDA prior to working on Project Angel. On information and belief, Mr. Hite had access to and was provided confidential information and documents related to Project Angel while employed with AT&T.

37. In 1998, Palaniappan Meiyappan started working at AT&T and on Project Angel. Mr. Meiyappan signed an NDA prior to working on Project Angel. On information and belief, Mr. Meiyappan had access to and was provided confidential information and documents related to Project Angel while employed with AT&T.

38. In 1996, Liang Hong started working at AT&T and on Project Angel. Mr. Hong signed an NDA prior to working on Project Angel. From at least 1998 to 2000, Mr. Hong's position was manager of system engineering at AT&T. On information and belief, Mr. Hong had access to and was provided confidential information and documents related to Project Angel, and other AT&T technologies, while employed at AT&T.

39. On June 20, 2000, Mr. Hong and other inventors filed a patent application on technology related to Project Angel on behalf of AT&T, which was later granted as U.S. Patent Nos. 6,801,775 and 6,801,513 and assigned to AT&T.

40. On information and belief, one or more of Mr. Hong, Mr. Hite and Mr. Meiyappan all began working for Broadstorm Inc. ("Broadstorm") and thereby provided certain of AT&T's proprietary and confidential information to Broadstorm related to Project Angel. On information and belief, Broadstorm improperly used that information to further its illicit business objectives to develop copycat products, technology, and patents.

41. Plaintiff is the successor-in-interest to Broadstorm, a predecessor company to Plaintiff.

42. Plaintiff is barred by the doctrine of unclean hands from enforcing the '445 Patent against the Ericsson Defendants.

## COUNTERCLAIMS

The Ericsson Defendants allege the following counterclaims against Plaintiff Adaptix, Inc.

## PARTIES

43. The Ericsson Defendants repeat and reallege Paragraphs 1-40 as if fully set forth herein.

44. Ericsson Inc. is a Delaware corporation with a principle place of business at 6300 Legacy Drive, Plano, Texas 75024.

45. LME is a Swedish corporation with a principle place of business at Torshamnsgatan 23, Kista, 164 83 Stockholm, Sweden.

46. On information and belief, Plaintiff Adaptix, Inc. purports to be a Delaware corporation with its principal place of business at 2400 Dallas Parkway, Suite 200, Plano, Texas 75093.

## JURISDICTION AND VENUE

47. This is an action for a declaration that each and every claim of the '445 Patent is invalid, unenforceable, and/or not infringed pursuant to the Patent Laws of the United States, 35 U.S.C. § 101, 102, 103, and/or 112.

48. These counterclaims arise under federal law, and this Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a), the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and

2202, and the Patent Laws of the United States, 35 U.S.C. §§ 1, *et seq*. The Court also has jurisdiction over Plaintiff because Plaintiff has already submitted itself to the jurisdiction of the Court by filing the above-captioned lawsuit.

49. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 and 1400(b).

50. An actual controversy exists between the Ericsson Defendants and Plaintiff. Specifically, Plaintiff has accused the Ericsson Defendants of infringing the '445 Patent in the above-captioned lawsuit. The Ericsson Defendants deny infringing any valid and enforceable claim of any of the '445 Patent.

### FIRST COUNTERCLAIM
### (DECLARATORY JUDGMENT OF NONINFRINGEMENT)

51. The Ericsson Defendants repeat and reallege Paragraphs 1-40 as if fully set forth herein.

52. The Ericsson Defendants have not infringed, and do not directly or indirectly infringe, any valid, enforceable claim of any of the '445 Patent, either literally or under the doctrine of equivalents. The Ericsson Defendants have not and do not contributorily infringe or induce the infringement of any valid, enforceable claim of any of the '445 Patent.

53. The Ericsson Defendants are, therefore, entitled to a declaratory judgment that they do not infringe any valid, enforceable claim of any of the '445 Patent.

### SECOND COUNTERCLAIM
### (DECLARATORY JUDGMENT OF INVALIDITY)

54. The Ericsson Defendants repeat and reallege Paragraphs 1-40 as if fully set forth herein.

55. The '445 Patent is invalid, in whole or in part, for failing to satisfy one or more of the requirements of the Patent Act, 35 U.S.C. §§ 1, *et seq.*, including, but not limited to, the conditions of patentability set for in 35 U.S.C. §§ 101, 102, 103, and/or 112.

56. The Ericsson Defendants are, therefore, entitled to a declaratory judgment that the '445 Patent is invalid.

## DEMAND FOR JURY TRIAL

57. The Ericsson Defendants request a trial by jury of all issues in this action triable by a jury.

## PRAYER FOR RELIEF

The Ericsson Defendants pray for judgment as follows:

A. That this Court fully and finally dismiss Plaintiff's claims against the Ericsson Defendants and order that Plaintiff take nothing from the Ericsson Defendants;

B. That this Court find and issue a declaration that the manufacture, use, sale, and/or offer for sale of the Ericsson Defendants' systems, products, methods, and services does not infringe, directly or indirectly, any claim of any of the '445 Patent;

C. That this Court find that the '445 Patent is invalid and/or unenforceable pursuant to Title 35 of the United States Code;

D. That this Court award permanent injunctive relief enjoining Plaintiff from taking any actions or making any statements based upon the '445 Patent that are inconsistent with the Ericsson Defendants' right to make, use, offer to sell, and/or sell any of their systems, products, methods, and services;

E. That this Court find that this is an exceptional case and award the Ericsson Defendants their attorneys' fees pursuant to 35 U.S.C. § 285 or otherwise; and

  F. That this Court grant the Ericsson Defendants such other and further relief as the Court may deem just and proper.

Dated: July 27, 2015	Respectfully submitted by:

*/s/ Douglas M. Kubehl*
Douglas M. Kubehl
  (Texas Bar No. 00796909)
  doug.kubehl@bakerbotts.com
Jonathan B. Rubenstein
  (Texas Bar No. 24037403)
  jonathan.rubenstein@bakerbotts.com
Jeffery S. Becker
  (Texas Bar No. 24069354)
  jeff.becker@bakerbotts.com
BAKER BOTTS L.L.P.
2001 Ross Avenue
Dallas, Texas 75201
Telephone:	(214) 953-6500
Facsimile:	(214) 953-6503

**ATTORNEYS FOR DEFENDANTS ERICSSON INC. AND TELEFONAKTIEBOLAGET LM ERICSSON**

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served on all counsel of record in accordance with the Federal Rules of Civil Procedure and the Local Court Rules of the United States District Court for the Eastern District of Texas via the CM/ECF system, on July 27, 2015.

*/s/ Douglas M. Kubehl*
Douglas M. Kubehl