**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| ADAPTIX, INC., | § | |
| v. | § | Civil Action No. 6:15-CV-00041 |
| ALCATEL-LUCENT USA, INC., ET AL. | § | (Lead Consolidated Case) |
| | § | |

**STIPULATED ORDER FOCUSING PATENT CLAIMS AND PRIOR ART
TO REDUCE COSTS**

The Court ORDERS as follows:

1. This order supplements all other discovery rules and orders. It streamlines the issues in this case to promote a "just, speedy, and inexpensive determination" of this action, as provided by Federal Rule of Civil Procedure 1.

*Phased Limits on Asserted Claims and Prior Art References*

2. By the date set for completion of claim construction discovery pursuant to P.R. 4-4, the patent claimant shall serve a Preliminary Election of Asserted Claims, which shall assert no more than ten claims from each patent. Not later than 14 days after service of the Preliminary Election of Asserted Claims, the patent defendant shall serve a Preliminary Election of Asserted Prior Art, which shall assert no more than sixteen prior art references against each patent.[1]

3. No later than 28 days before the service of expert reports by the party with the burden of proof on an issue, the patent claimant shall serve a Final Election of Asserted Claims,

---

[1] For purposes of this Order, a prior art instrumentality (such as a device or process) and associated references that describe that instrumentality shall count as one reference, as shall the closely related work of a single prior artist.

which shall identify no more than five asserted claims per patent from among the ten previously identified claims.  By the date set for the service of expert reports by the party with the burden of proof on an issue, the patent defendant shall serve a Final Election of Asserted Prior Art, which shall identify no more than eight asserted prior art references per patent from among the prior art references previously identified for that particular patent.  For purposes of this Final Election of Asserted Prior Art, each obviousness combination counts as a separate prior art reference.

*Modification of this Order*

4. Subject to Court approval, the parties may modify this Order by agreement, but should endeavor to limit the asserted claims and prior art references to the greatest extent possible.  Absent agreement, post-entry motions to modify this Order's numerical limits on asserted claims and prior art references must demonstrate good cause warranting the modification.  Motions to modify other portions of this Order are committed to the sound discretion of the Court.[2]

**So ORDERED and SIGNED this 23rd day of September, 2015.**

*[signature]*
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE

---

[2] This Order contemplates that the parties and the Court may further narrow the issues during pretrial proceedings in order to present a manageable case at trial.