# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | | |
|---|---|---|
| ADAPTIX, INC., | § § | |
| v. | § | Civil Action No. 6:15-CV-00041 |
| ALCATEL-LUCENT USA, INC., ET AL. | § § § | (Lead Consolidated Case) |

## ORDER REGARDING E-DISCOVERY

The Court ORDERS as follows:

1.   This order supplements all other discovery rules and orders. It streamlines Electronically Stored Information ("ESI") production to promote a "just, speedy, and inexpensive determination" of this action, as required by the Federal Rules of Civil Procedure 1.

2.   This order may be modified by the Court's discretion or by agreement of the parties. The parties shall jointly submit any proposed modifications within 30 days after the Federal Rule of Civil Procedure 16 conference. If the parties cannot resolve their disagreements regarding these modifications, the parties shall submit their competing proposals and a summary of their dispute.

3.   A party's meaningful compliance with this order and efforts to promote efficiency and reduce costs will be considered in cost-shifting determinations.

4.   Absent a showing of good cause, general ESI production requests under Federal Rules of Civil Procedure 34 and 45, or compliance with a mandatory disclosure requirements of this Court, shall not include metadata. However, fields showing the date and time that the document was sent and received, as well as the complete distribution list, shall generally be included in the production if such fields exist.  To the extent that any party intends to present a claim or defense

that relies on the existence of metadata, all metadata that tends to prove or disprove that defense shall be produced within the fact discovery period.

5. Absent agreement of the parties or further order of this Court, the following parameters shall apply to ESI production:

**A. General Document Image Format**. All documents produced in this action may be exchanged electronically via secure FTP or on CD, DVD, flash drive, or hard drive. Each electronic document shall be produced in single-page Tagged Image File Format ("TIFF") format. TIFF files shall be single page and shall be named with a unique production number followed by the appropriate file extension. Load files shall be provided to indicate the location and unitization of the TIFF files. If a document is more than one page, the unitization of the document and any attachments or affixed notes shall be maintained as they existed in the original document.

**B. Text-Searchable Documents**. No party has an obligation to make its production text-searchable; however, if a party's documents already exist in text-searchable format independent of this litigation, or are converted to text-searchable format for use in this litigation, including for use by the producing party's counsel, then such documents shall be produced in the same text-searchable format at no cost to the receiving party.

**C. Footer.** Each document image shall contain a footer with a sequentially ascending production number.

**D. Native Files**. The parties will meet and confer to discuss requests for the production of files in native format, on a case-by-case basis. If the parties are unable to reach agreement with regard to requests for additional documents in native-file format, the parties reserve the right to seek relief from the Court. Documents produced natively

shall be represented in the set of imaged documents by a slipsheet indicating the production identification number and confidentiality designation for the native file that is being produced. Atypical or oversized document and other materials that are not amenable to imaging may be made available for inspection at the offices of counsel.

**E.     No Backup Restoration Required**. Absent a showing of good cause, no party need restore any form of media upon which backup data is maintained in a party's normal or allowed processes, including but not limited to backup tapes, disks, SAN, and other forms of media, to comply with its discovery obligations in the present case. Such materials are not directly searchable and should be considered not reasonably accessible under Fed. R. Civ. P. 26(b)(2)(B) and accordingly should not be subject to production unless a party demonstrates a particular need for such evidence that justifies the burden of retrieval. No party need deviate from the retention practices it normally exercises with regard to such materials primarily for back-up or disaster recovery purposes and not used in the ordinary course of a party's business operations and that were not preserved in anticipation of litigation (e.g., recycling of back-up tapes is permitted).

**F.     Voicemail, Instant Messages, and Mobile Devices**. Absent a showing of good cause, voicemails, instant messages, PDAs and mobile phones are deemed not reasonably accessible and need not be collected and preserved. No party need deviate from the retention practices it normally exercises with regard to such voicemail messages, random access memory, instant messages and chats, information from mobile phones, smart phones, or PDAs, and dynamic fields of databases or log files that are not stored or retained in the ordinary course of business when not in anticipation of litigation.

**G.     Format for production of documents – hardcopy or paper documents.** All documents that are hardcopy or paper files shall be scanned and produced in the same manner as documents existing in electronic format, above.

**H.     Source code.** This Stipulation does not govern the format for production of source code, which shall be produced pursuant to the relevant provision of the Protective Order.

**I.     Databases.** Certain types of databases are dynamic in nature and will often contain information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. No party need deviate from the retention practices it normally exercises with regard to databases that are not stored or retained in the ordinary course of business when not in anticipation of litigation.  A party may opt to produce relevant and responsive information from databases in an alternate form, such as a report or data table. These reports or data tables will be produced in a static format.

**L.     Requests for hi-resolution or color documents.** The parties agree to respond to reasonable and specific requests for the production of higher resolution or color images. Nothing in this Stipulation shall preclude a producing party from objecting to such requests as unreasonable in number, timing or scope, provided that a producing party shall not object if the document as originally produced is illegible or difficult to read. The producing party shall have the option of responding by producing a native-file version of the document. If a dispute arises with regard to requests for higher resolution or color images, the parties will meet and confer in good faith to try to resolve it.

**M.     Foreign language documents.** All documents shall be produced in their original language. Where a requested document exists in a foreign language and the producing

party also has an English-language version of that document, the producing party shall produce both the original document and all English-language versions. In addition, if the producing party has a certified translation of a foreign-language document that is being produced, (whether or not the translation is prepared for purposes of litigation) the producing party shall produce both the original document and the certified translation. Any foreign language Prior Art shall be produced in both the original language and in a certified English Translation.

6. General ESI production requests under Federal Rules of Civil Procedure 34 and 45, or compliance with a mandatory disclosure order of this court, shall not include e-mail or other forms of electronic correspondence (collectively "e-mail"). To obtain e-mail parties must propound specific e-mail production requests.

7. E-mail production requests shall be phased to occur timely after the parties have exchanged initial disclosures, a specific listing of likely e-mail custodians, a specific identification[1] of the most significant listed e-mail custodians in view of the pleaded claims and defenses, infringement contentions and accompanying documents pursuant to P.R. 3-1 and 3-2, invalidity contentions and accompanying documents pursuant to P.R. 3-3 and 3-4, and preliminary information relevant to damages. The exchange of this information shall occur at the time required under the Federal Rules of Civil Procedure, Local Rules, or by order of the court.

8. E-mail production requests shall identify the custodian, search terms, and time frame. The parties shall cooperate to identify the proper custodians, proper search terms, and proper time frame. Each requesting party shall limit its e-mail production requests to a total of five custodians per producing party. The parties may jointly agree to modify this limit without the

---

[1] A "specific identification" requires a short description of why the custodian is believed to be significant.

court's leave. The court shall consider contested requests for additional or fewer custodians per producing party, upon showing a distinct need based on the size, complexity, and issues of this specific case.

9. Each requesting party shall limit its e-mail production requests to a total of seven search terms per custodian per party. The parties may jointly agree to modify this limit without the court's leave. The court shall consider contested requests for additional or fewer search terms per custodian, upon showing a distinct need based on the size, complexity, and issues of this specific case. The search terms shall be narrowly tailored to particular issues. Indiscriminate terms, such as the producing company's name or its product name, are inappropriate unless combined with narrowing search criteria that sufficiently reduce the risk of overproduction. A conjunctive combination of multiple words or phrases (e.g., "computer" and "system") narrows the search and shall count as a single search term. A disjunctive combination of multiple words or phrases (e.g., "computer" or "system") broadens the search, and thus each word or phrase shall count as a separate search term unless they are variants of the same word. Use of narrowing search criteria (e.g., "and," "but not," "w/x") is encouraged to limit the production and shall be considered when determining whether to shift costs for disproportionate discovery.

10. Pursuant to Federal Rule of Evidence 502(d), the inadvertent production of a privileged or work product protected ESI is not a waiver in the pending case or in any other federal or state proceeding.

11. The mere production of ESI in a litigation as part of a mass production shall not itself constitute a waiver for any purpose.

12. Rolling Productions. In the interest of producing documents in an efficient manner, the Parties will produce documents, including ESI, on a rolling production basis.

13. The Parties may request that additional metadata fields be set forth or provided for certain specified electronic documents upon review of the other party's production. The Parties may object to any such request.

14. Except as expressly stated, nothing in this order affects the parties' discovery obligations under the Federal or Local Rules.

**So ORDERED and SIGNED this 23rd day of September, 2015.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE