**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| ADAPTIX, INC., | § | |
| v. | § | Civil Action No. 6:15-CV-00041 |
| ALCATEL-LUCENT USA, INC., ET AL. | § § | (Consolidated Lead Case) |
| | § | |

**DISCOVERY ORDER**

After review of the pleaded claims and defenses in this action and in furtherance of the management of the Court's docket under Fed. R. Civ. P. 16, the Court enters the following Discovery Order:

This Discovery Order pertains to discovery requirements and limitations in six separate cases. For purposes of this Order, Case Nos. 6:15-cv-43, -44, and -45 are referred to as "the Handset cases") and Case Nos. 6:15-cv-41, -42, and -604 are referred to as "the Base Station cases."

1. **Disclosures.** Within thirty days after the Scheduling Conference, and without awaiting a discovery request, each party shall disclose to every other party in the case(s) to which it is a party the following information:

    A.  the correct names of the parties to the lawsuit;
    B.  the name, address, and telephone number of any potential parties;
    C.  the legal theories and, in general, the factual bases of the disclosing party's claims or defenses (the disclosing party need not marshal all evidence that may be offered at trial);
    D.  the name, address, and telephone number of persons having knowledge of relevant facts, a brief statement of each identified person's connection with the case, and a brief, fair summary of the substance of the information known by such person;
    E.  any indemnity and insuring agreements under which any person or entity may be liable to satisfy part or all of a judgment entered in this action or to indemnify or reimburse for payments made to satisfy the judgment;
    F.  any settlement agreements relevant to the subject matter of this action;
    G.  any statement of any party to the litigation;

2. **Additional Disclosures.** Each party shall provide to every other party in the case(s) to which it is a party the following information:

    A. the disclosures required by the Court's Patent Rules[1] in accordance with the deadlines set forth in said rules and the Court's Docket Control Order;

    B. to the extent that any party pleads a claim for relief or defensive matter other than those addressed in the Patent Rules[1], within 75 days after the Scheduling Conference and without awaiting a discovery request, a copy of all documents, data compilations and tangible things in the possession, custody, or control of the party that are relevant to those additionally pleaded claims or defenses involved in this action. By written agreement of all parties, alternative forms of disclosure may be provided in lieu of paper copies. For example, the parties may agree to exchange images of documents electronically or by means of computer disk; or the parties may agree to review and copy disclosure materials at the offices of the attorneys representing the parties instead of requiring each side to furnish paper copies of the disclosure materials; and

    C. within 75 days after the Scheduling Conference a complete computation of any category of damages claimed by any party to the action, making available for inspection and copying (See Local Rule CV-34), the documents or other evidentiary materials on which such computation is based, including materials bearing on the nature and extent of injuries suffered; and those documents and authorizations described in Local Rule CV-34.

3. **Testifying Experts.** Adaptix is limited to four testifying experts in the Handset cases and four testifying experts in the Base Station cases. Each Defendant is limited to four testifying experts in each case to which it is a party. Defendants are as follows: (1) Alcatel-Lucent USA, Inc.; (2) AT&T Mobility, LLC; (3) Ericsson, Inc. and Telefonaktiebloaget LM Ericsson; (4) Sprint Spectrum, L.P.; and (5) Cellco Partnership d/b/a Verizon Wireless. By the dates provided in the Docket Control Order, each party shall disclose to the other party or parties:

    A.     The expert's name, address, and telephone number;
    B.     The subject matter on which the expert will testify;
    C.     A report as required by Federal Rule of Civil Procedure 26(a)(2)(B);
    D.     If the expert is not retained by, employed by, or otherwise subject to the control of the disclosing party, documents reflecting the general substance of the expert's mental impressions and opinions;
    E.     If the expert is retained by, employed by, or otherwise subject to the control of the disclosing party:

---

[1] The Patent Rules are Appendix M to the Local Rules which are available on the Court's website at www.txed.uscourts.gov.

    (1)  all documents, tangible things, reports, models, or data compilations that have been provided to, reviewed by, or prepared by or for the expert in anticipation of the expert's testimony; and

    (2)  the expert's current resume and bibliography;

4.  **Expert Deposition Hours.** Defendants in the Handset cases may depose Adaptix's infringement expert for three days (twenty one hours). Defendants in the Base Station cases may depose Adaptix's infringement expert for three days (twenty one hours). Defendants may collectively depose Adaptix's validity expert for eight hours for the '375 Patent and eight hours for the '445 Patent. Adaptix may depose each Defendant's expert on validity for seven hours on the '375 Patent and seven hours on the '445 Patent. Adaptix may depose each Defendant's infringement expert for seven hours on each patent. Adaptix may depose each Defendant's damages expert for seven hours on each patent.

5.  **Discovery Limitations.** Except for good cause shown, discovery is limited in this cause to the disclosures described in Paragraphs 1 – 3. Also permitted are interrogatories, requests for admissions, the depositions of the parties, depositions on written questions of custodians of business records for third parties, depositions of each party's expert witnesses, and depositions of third parties, e.g., Qualcomm, who provides chips used in certain accused handset products.

 a) Expert Reports: Pursuant to Fed. R. Civ. P. 26(b)(4), draft expert reports, notes, outlines, and any other writings leading up to expert final reports in these cases are exempt from discovery. In addition, all communications with and all materials generated by a testifying expert with respect to his work on any of these actions are exempt from discovery unless relied upon by the expert in forming an opinion. If an expert produces a report, the expert must also produce all materials on which the expert relied.

 b) Expert Discovery: Testifying experts shall not be subject to discovery on any draft of their reports or any draft of their declarations in this case and such draft reports, declarations, notes, outlines, or any other writings leading up to an issued report or filed declaration in this litigation are exempt from discovery. In addition, all communications to and from a testifying expert, and all materials generated by a testifying expert with respect to that person's work in this case, are exempt from discovery unless relied upon by the expert in forming any opinions in this litigation. No discovery can be taken from any consulting expert except to the extent that consulting expert has provided information, opinions, or other materials to a testifying expert, who then relies upon such information, opinions, or other materials in forming his or her final report, declaration, trial or deposition testimony, or any opinion in this case. Materials, communications, and other information exempt from discovery under this Paragraph shall be treated as attorney work product for the purposes of this litigation. Nothing in this Paragraph shall be construed to bar discovery from Adaptix or any current or former employees of Defendants, provided that their communications with testifying or consulting experts will be treated in accordance with this Paragraph.

    c) Interrogatories: Adaptix may serve up to 20 common interrogatories on Consolidated Defendants from the Handset Cases collectively, and 15 individual interrogatories on each Defendant from the Handset Cases separately. Adaptix may serve up to 20 common interrogatories on Consolidated Defendants from the Base Station Cases collectively, and 15 individual interrogatories on each Defendant from the Base Station Cases separately. Defendants from the Handset Cases may serve up to 20 common interrogatories on Adaptix, and Each Defendant from the Handset Cases may serve up to 15 individual interrogatories on Adaptix separately. Defendants from the Base Station Cases may serve up to 20 common interrogatories on Adaptix, and each Defendants from the Base Station Cases may serve up to 15 individual interrogatories on Adaptix separately.

    d) Requests for Admissions: There is no limit to the number of requests for admission the parties may serve to establish the authenticity of documents. Additionally, Adaptix may serve up to 10 requests for admission on each Defendant in each case to which the Defendant is a party and each Defendant may serve up to 10 requests for admission on Adaptix in each case to which the Defendant is a party.

    e) Privilege Logs: Except as necessary to comply with P.R. 3-7, the parties are not required to include in their privilege logs any protected documents that came into existence on or after January 13, 2012, which was the filing date of the complaint in the earliest-filed Adaptix case against Defendants.

    f) Fact Depositions: Any deposition testimony (and exhibits thereto) taken of Adaptix, its related entities and/or former employees, including employees of Adaptix predecessors, in prior or other pending litigation involving 4G LTE technology shall be usable as if taken in these cases. Adaptix may use the deposition testimony of a Defendant from a prior case in a case here to which that Defendant is a party. Any prior deposition testimony (and exhibits thereto) of a third-party taken in any Adaptix litigation involving 4G LTE technology shall, with the third party's consent, be usable as if taken in these cases.Future depositions of any 30(b)(1) witnesses who have been deposed by either Adaptix or any Defendant in prior or other pending litigation between the parties involving 4G LTE technology shall be limited to 4 hours per witness. Adaptix may take a maximum of 75 hours of total fact deposition testimony in the Base Station cases and 75 hours of total fact deposition testimony in the Handset cases. Adaptix may not use more than 20% of those hours to depose the employees or customers of any one Defendant. The Defendants, collectively, may take a maximum of 75 hours of total fact deposition testimony in the Base Station cases and 75 hours of total fact deposition testimony in the Handset cases, such time to be split according to agreement by the Defendants. Furthermore, the Parties are required to coordinate such depositions to avoid duplication and, in the case of Defendants, to allow for each Defendant to be present at said deposition.

6. **Privileged Information.** There is no duty to disclose privileged documents or information. However, the parties are directed to meet and confer concerning privileged documents or information after the Scheduling Conference. By the date provided in the Docket Control Order, the parties shall exchange privilege logs identifying the documents or information and the basis for any disputed claim of privilege in a manner that, without

revealing information itself privileged or protected, will enable the other parties to assess the applicability of the privilege or protection. A party may move the Court for an order compelling the production of any privileged documents or information identified on any other party's privilege log.  If such a motion is made, the party asserting privilege shall file with the Court within thirty (30) days of the filing of the motion to compel any proof in the form of declarations or affidavits to support their assertions of privilege, along with the documents over which privilege is asserted for in camera inspection.  If the parties have no disputes concerning privileged documents or information, then the parties shall file a notice so stating by the date provided in the Docket Control Order.

7. **Pre-trial Disclosures.**  By the date provided in the Docket Control Order, each party shall provide to every other party in the case(s) to which it is a party the following disclosures regarding the evidence that the disclosing party intends to present at trial:

    A. The name and, if not previously provided, the address and telephone number, of each witness, separately identifying those whom the party expects to present at trial and those whom the party may call if the need arises.
    B. The designation of those witnesses whose testimony is expected to be presented by means of a deposition and, if not taken stenographically, a transcript of the pertinent portions of the deposition testimony.
    C. An appropriate identification of each document or other exhibit, including summaries of other evidence, separately identifying those which the party expects to offer and those which the party may offer if the need arises.

    By the date provided in the Docket Control Order, a party may serve and file a list disclosing (1) any objections to the use under Rule 32(a) of a deposition designated by another party under subparagraph "B." above; and (2) any objections, together with the grounds therefor, that may be made to the admissibility of materials identified under subparagraph "C." above.  Objections not so disclosed, other than objections under Rules 402 and 403 of the Federal Rules of Evidence, shall be deemed waived unless excused by the Court for good cause shown.

8. **Signature.**  The disclosures required by this order shall be made in writing and signed by the party or counsel and shall constitute a certification that, to the best of the signer's knowledge, information and belief, such disclosure is complete and correct as of the time it is made.

9. **Notification of the Court.**  The parties shall promptly file a notice with the Court that the disclosures required under this Order have taken place.

10. **Duty to Supplement.**  After disclosure is made pursuant to this order, each party is under a duty to supplement or correct its disclosures immediately if the party obtains information on the basis of which it knows that the information disclosed was either incomplete or incorrect when made, or is no longer complete or true.

11. **Requests for Production.**  Because documents relevant to any claim or defense are to be produced pursuant to the Patent Rules and paragraphs one and two of this Order, requests for production are unnecessary.  However, should a party believe that certain relevant documents have not been produced, that party may request said documents by letter.  The Court will entertain a motion to compel documents without the necessity of a movant propounding formal requests for production.

12. **Discovery Conferences.**  <u>Within 72 hours of the Court setting any discovery motion for hearing, the lead trial counsel and local counsel for each party to the motion shall meet and confer in person or by telephone in an effort to resolve the dispute without Court intervention.  Counsel shall promptly notify the Court of the results of the meeting.  Attendance by proxy is not permitted.  Unless excused by the Court, lead counsel shall attend any discovery hearing set by the Court.</u>

13. **No Excuses.**  A party is not excused from the requirements of this Discovery Order because it has not fully completed its investigation of the case, or because it challenges the sufficiency of another party's disclosures, or because another party has not made its disclosures.  Absent court order to the contrary, a party is not excused from disclosure because there are pending motions to dismiss, to remand or to change venue.  Parties asserting the defense of qualified immunity may submit a motion to limit disclosure to those materials necessary to decide the issue of qualified immunity.

14. **Protective Orders.**  The parties request that the Court issue the Stipulated Protective Order, filed contemporaneously.  The Court authorizes the parties to file any document that is subject to a protective order under seal.

15. **Hearing Notebooks.**  The Court requires *Markman* and Summary Judgment notebooks, as stated in the Docket Control Order.  The moving party shall provide to the Court two binders containing the briefing in its entirety (opening motion/brief, response, reply, and, if applicable, surreply), in addition to associated exhibits.  Binders shall be appropriately tabbed.  In addition, claim construction briefing and any motions for summary judgment of invalidity for indefiniteness shall be provided to the technical advisor if one has been appointed.  Otherwise, hearing notebooks are no longer required or requested.  However, the Court may request hearing notebooks in specific instances.

16. **Electronic Discovery and Production.**  The parties are to meet and confer to agree on any electronic discovery and production issues.  The parties shall then submit an agreed ESI order by the deadline set forth in the Scheduling Order.  Should the parties disagree on any issues, the parties shall submit competing proposals to the Court pursuant to the deadline outlined in the Order setting a status/scheduling conference.  The Court may consider said issues on the papers, schedule a telephone conference to assist in resolving the dispute, or address any arguments during the status/scheduling conference.  Parties

should refer to Appendix P of the Local Rules (Model Order Regarding E-Discovery in Patent Cases) as a starting point.

**So ORDERED and SIGNED this 28th day of September, 2015.**

                                      JOHN D. LOVE
                          UNITED STATES MAGISTRATE JUDGE