**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| **ADAPTIX, INC.,** § | | |
| § | | |
| **Plaintiff** § | | |
| § | | |
| vs. § | **CASE NO. 6:15-CV-00041-RWS-JDL** | |
| § | **(Lead Consolidated Case)** | |
| **ALCATEL-LUCENT USA, INC.,** § | | |
| § | | |
| **Defendant** § | | |

**FIRST AMENDED DOCKET CONTROL ORDER**

It is hereby **ORDERED** that the following schedule of deadlines is in effect until further order of this Court:

Amendments to this Docket Control Order must comply with the Court's Standing Order Regarding Motions to Modify / Amend Docket Control Orders that is available on the Court's website.

| Trial Date | 9:00 a.m. JURY TRIAL as reached at the United States District Court, 211 W. Ferguson, Courtroom of Judge Robert W. Schroeder, III, Tyler, Texas. |
|---|---|
| May 22, 2017 | |

**ORDER REGARDING EXHIBITS, EXHIBIT LISTS AND WITNESS LISTS:**

A.  <u>On the first day of trial,</u> each party is required to have on hand the following:

(1)   One copy of their respective <u>original</u> exhibits. Each exhibit shall be properly labeled with the following information: Identified as either Plaintiff's or Defendant's Exhibit, the Exhibit Number and the Case Number.

(2)   Three hard copies of their exhibit list and witness list. The Court's preferred format for Exhibit and Witness Lists are available on Judge Schroeder's website.

(3)   One copy of all exhibits on disk(s), USB Flash Drive(s), or portable hard drive(s). This shall be tendered to the Courtroom Deputy at the beginning of trial.

B.   <u>Each day during trial,</u> the parties shall follow the process below.

(1) On the first day of trial, each party shall present a list of exhibits it plans to admit into evidence that day which are NOT objected to. When a party requests to offer an objected exhibit into evidence the opposing party may make the objection and the Court will rule on the objection at that time. Parties are directed to entitle the list "Plaintiff's / Defendant's Exhibits Offered on (DATE)."
(2) On each following day of trial, parties shall present a list of any additional exhibits NOT objected to that it plans to admit that day. The list shall be entitled "Plaintiff's / Defendant's Exhibits Offered on (DATE)." In addition to the "offered" lists, parties shall tender a running list of previously admitted exhibits entitled "Plaintiff's / Defendant's Exhibits Previously Admitted (DATE)." The "admitted" list shall identify <u>all exhibits that have been admitted on the previous day(s).</u>
(3) at the conclusion of evidence, the parties shall tender to the Court a cumulative list entitled "Plaintiff's / Defendant's Final List of All Admitted Exhibits."

C.   At the conclusion of evidence, each party shall be responsible for pulling those exhibits <u>admitted</u> at trial and tender those to the Courtroom Deputy, who will verify the exhibits and tender them to the jury for their deliberations.

D.   At the conclusion of trial, all boxes of exhibits shall be returned to the respective parties and the parties are instructed to remove these exhibits from the courtroom.

E.   Within five business days of the conclusion of trial, each party shall submit to chambers:

(1)   A Final Exhibit List of Exhibits Admitted During Trial in Word format.
(2)   A disk containing admitted unsealed trial exhibits in PDF format. If the Court ordered any exhibits sealed during trial, the Sealed Exhibits shall be submitted on a separate disk. If tangible or oversized exhibits were admitted, such exhibits shall be substituted with a photograph in PDF format.
(3)   A disk containing the transcripts of Video Depositions played during trial, along with a copy of the actual video deposition

F.   After verification of final exhibit lists, the Courtroom Deputy shall docket the lists. The disk(s) containing the exhibits in PDF format shall be stored in the Clerk's Office

| May 15, 2017 | **9:00 a.m. JURY SELECTION at the United States District Court, 211 W. Ferguson, Courtroom of Judge Robert W. Schroeder, III, Tyler, Texas.** |
|---|---|

| | |
|---|---|
| May 4, 2017 | **9:00 a.m. PRETRIAL CONFERENCE at the United States District Court, 211 W. Ferguson, 2nd Floor, Courtroom of Judge John D. Love, Tyler, Texas.** <br> All pending motions will be heard. <br> Lead trial counsel must attend the pretrial conference. |
| May 2, 2017 | Parties to file estimates of the amount of time they request at jury selection and trial for (1) voir dire, (2) opening statements, (3) direct and cross examinations, and (4) closing arguments. |
| May 1, 2017 | **Responses to Motions in Limine due**. |
| April 24, 2017 | **Motions in Limine due**. The parties are directed to confer and advise the Court on or before 3:00 p.m. the day before the pre-trial conference which paragraphs in the Pretrial filing are agreed to and which need to be addressed at the pre-trial conference. |
| April 24, 2017 | **Pretrial Objections due**. |
| April 14, 2017 | **Objections to Rebuttal Deposition Testimony due**. |
| April 6, 2017 | **Rebuttal Designations and Objections to Deposition Testimony due**. <br> For rebuttal designations, cross examination line and page numbers to be included. <br><br> In video depositions, each party is responsible for preparation of the final edited video in accordance with that party's designations and the Court's rulings on objections. |
| March 23, 2017 | **Pretrial Disclosures due**. <br><br> Video and Stenographic Deposition Designations due.    Each party who proposes to offer deposition testimony shall file a disclosure identifying the line and page numbers to be offered. |
| March 16, 2017 | **Parties to Identify Trial Witnesses** |
| March 10, 2017 | **Joint Pretrial Order, Joint Proposed Jury Instructions with citation to authority, and Form of the Verdict for jury trials due**. <br> Proposed Findings of Fact and Conclusions of Law with citation to authority for issues tried to the bench. <br><br> Notice of Request for Daily Transcript or Real Time Reporting of Court Proceedings due.  If a daily transcript or real time reporting of court proceedings is requested for trial or hearings, the party or parties making said request shall file a notice with the Court. |
| February 28, 2017 | **Second mediation to be completed.** |
| January 23, 2017 | **Response to Dispositive Motions (including *Daubert* motions) due.** Responses to dispositive motions filed prior to the dispositive motion deadline, including *Daubert* motions, shall be due in accordance with Local Rule CV-56 and Local Rule CV-7. <u>Motions to extend page limits will only be granted in exceptional circumstances.</u> |

| | |
|---|---|
| January 6, 2017 | **Dispositive Motions due from all parties and any other motions that may require a hearing (including *Daubert* motions) due.** Motions shall comply with Local Rule CV-56 and Local Rule CV-7. <u>Motions to extend page limits will only be granted in exceptional circumstances.</u><br><br>For each motion filed, the moving party shall provide the Court with two copies of the completed briefing (opening motion, response, reply, and if applicable, surreply), and any associated exhibits, in a three-ring binder appropriately tabbed. Courtesy copies shall be delivered to the Court as soon as briefing has completed. |
| November 18, 2016 | **Discovery Deadline.** |
| November 18, 2016 | **Deadline to File Letter Briefs for Summary Judgment Motions and *Daubert* Motions.** See the Court's website for further information. |
| November 7, 2016 | Parties designate rebuttal expert witnesses (non-construction issues), Rebuttal expert witness reports due. Refer to Local Rules for required information.<br><br>If, without agreement, a party serves a supplemental expert report after the rebuttal expert report deadline has passed, the serving party must file notice with the Court stating service has occurred and the reason why a supplemental report is necessary under the circumstances. |
| October 10, 2016 | Expert witness reports due. Parties with burden of proof designate expert witnesses (non-construction issues).    Refer to Local Rules for required information. |
| October 3, 2016 | Defendant shall serve **Final Election of Asserted Prior Art** in compliance with Phased Limits Order. |
| September 23, 2016 | Comply with P.R. 3-7 - Furnishing documents and privilege logs pertaining to willful infringement. |
| September 19, 2016 | Patent Claimant shall serve **Final Election of Asserted Claims** in compliance with Phased Limits Order. |
| September 15, 2016 | **Early Damages Expert hearing at 9:00 a.m. at the United States District Court, 211 West Ferguson, 2nd Floor, Courtroom of Judge John D. Love, Tyler, Texas.**<br><br>The Court will hear each Damages Expert give a short summary of their conclusions.    Each party will then have the opportunity for brief cross-examination. |
| September 6, 2016 | Exchange **Early Damages Expert Report** consisting of no more than 5 pages setting forth damages conclusions and bases for the conclusions. The parties shall not file these early reports, but shall copy the court directly to chambers. |

4

| | |
|---|---|
| July 21, 2016 | ***Markman* hearing and hearing on any Motion for Summary Judgment of Indefiniteness at 9:00 a.m. at the United States District Court, 211 West Ferguson, 2nd Floor, Courtroom of Judge John D. Love, Tyler, Texas.**<br><br>In order to streamline the *Markman* hearing, the Court will propose a construction for a particular claim term and each party will then have the opportunity to respond to the Court's proposed construction. The Court will take the parties' arguments under advisement and issue a claim construction opinion at a later date.<br><br>The Court will not permit live testimony regarding claim construction absent an order granting leave to call witnesses. |
| July 14, 2016 | **P.R. 4-5(d) Chart due**. The parties are to meet and confer and jointly submit a claim construction chart on computer disk in Word format listing each party's proposed construction for each of the terms to be addressed at the *Markman* hearing, including any terms purported to be indefinite.  The parties should <u>prioritize</u> and list the terms <u>in order of most importance</u>; the Court will address the terms in the prioritized order presented in the claim construction chart.<br><br>**Reply to Motion for Summary Judgment of Indefiniteness due.**   The moving party is to provide the Court with 2 binders containing the entire set of briefing (opening motion, response, reply, and surreply, if any) and exhibits<br>appropriately tabbed.If a technical advisor has been appointed, the moving party is to provide briefing on disk or CD along with a hard copy, tabbed and bound in notebook format with exhibits to the advisor.<br><br>Briefing shall comply with Local Rules CV-7 and 56 and Patent Rule 4-5(e).  Pages shall be counted against the party's total page limit.   *See* Local Rules  CV-7(a)(3). <u>Motions to extend page limits will only be granted in exceptional circumstances.</u> |
| July 8, 2016 | Parties to file a notice with the Court stating the estimated amount of time requested for the *Markman* Hearing. The Court will notify the parties if it is unable to accommodate this request.<br><br>**Comply with P.R. 4-5(c)** - Reply brief and supporting evidence regarding claim construction due.    Plaintiff is to provide the Court with 2 binders containing the *Markman* briefing in its entirety (opening brief, response, and reply) and exhibits appropriately tabbed.  If a technical advisor has been appointed, the moving party is to provide its *Markman* brief on disk or CD along with a hard copy, tabbed and bound in notebook format with exhibits to the advisor.<br><br>**Response to Motion for Summary Judgment of Indefiniteness due.** Briefing shall comply with Local Rules CV-7 and 56 and Patent Rule 4-5(e).  Pages shall be counted against the party's total page limit.    *See* Local Rules CV-7(a)(3). Motions to extend page limits will only be granted in exceptional circumstances. |

| | |
|---|---|
| July 1, 2016 | **Comply with P.R. 4-5(b)** - Responsive claim construction brief and supporting evidence due.<br><br>**Motion for Summary Judgment of Indefiniteness due.**<br>Briefing shall comply with Local Rules CV-7 and 56 and Patent Rule 4-5(e).  Pages shall be counted against the party's total page limit.  *See* Local Rules CV-7(a)(3).  <u>Motions to extend page limits will only be granted in exceptional circumstances.</u> |
| June 16, 2016 | Defendant shall serve **Preliminary Election of Asserted of Prior Art** in compliance with Phased Limits Order. |
| June 13, 2016 | **Comply with P.R. 4-5(a)** - The party claiming patent infringement shall serve and file an opening brief and any evidence supporting its claim construction.<br><br>Briefing shall comply with Local Rules CV-7 and 56 and Patent Rule 4-5(e). Motions to extend page limits   will only be granted in exceptional circumstances. |
| June 3, 2016 | Tutorials due.   Deadline for parties, if they desire, to provide Court with tutorials concerning technology involved in patent(s). The parties shall submit two copies of their tutorials to the Court.    If a technical advisor has been appointed, each party that provides a tutorial shall provide a copy to the advisor. |
| June 2, 2016 | **Discovery Deadline - Claim Construction Issues.** The patent claimant shall serve **Preliminary Election of Asserted Claims** in compliance with Phased Limits Order. |
| May 27, 2016 | **Deadline to File Letter Brief for Motion for Summary Judgment of Indefiniteness.** See the Court's website for further information. |
| May 12, 2016 | Proposed Technical Advisors due, if one has not already been appointed. Parties to provide name, address, phone number, and curriculum vitae for up to three agreed technical advisors, and information regarding the nominees' availability for *Markman* hearing or a statement that they could not reach an agreement as to any potential technical advisor. If the parties cannot agree on a technical advisor, they shall not submit any proposed technical advisors to the Court. If the parties feel a technical advisor is unnecessary, they shall alert the Court at this time. |
| May 9, 2016 | **Response to Motion for Leave to Call Live Witnesses** during the *Markman* Hearing due as necessary. Brief shall not exceed 5 pages. |

| | |
|---|---|
| May 2, 2016 | **Comply with P.R. 4-3** - Filing of Joint Claim Construction and Prehearing Statement.<br><br>In the P.R. 4-3 filing, the parties shall list the most significant terms according to the parties' priorities, which were agreed upon during the P.R. 4-2 meet and confer, indicating which of those terms will be case or claim dispositive. A maximum of 10 terms will be construed, unless parties have received other instruction from the Court. If the parties cannot agree to the most important 10 terms, the parties shall identify the terms that were agreed upon and then divide the remainder evenly between Plaintiff and Defendants.<br><br>The nonmoving party subject to an indefiniteness challenge must provide a preliminary identification of any expert testimony it intends to rely on in its response to the moving party's indefiniteness challenge. The nonmoving party shall also provide a brief description of that witness's proposed testimony.<br><br>As to claim construction, the Court will not permit live testimony during the *Markman* hearing absent an order granting leave to call witnesses (in person or by deposition).  The Court prefers evidentiary support for the parties' claim construction position via sworn declaration. However, in accordance with P.R. 4-3(d), a party may file a **Motion for Leave to Call Live Witnesses** during the *Markman* Hearing. The Motion shall be limited to 5 pages, providing a brief description of the proposed testimony supported by a clear showing of good cause. |
| April 19, 2016 | **Joint Submission to Construe More Than 10 Terms Due.** Motions shall be limited to 10 pages. |
| April 1, 2016 | **Comply with P.R. 4-2** - Exchange of Preliminary Claim Constructions and Extrinsic Evidence. Privilege Logs to be exchanged by parties (or a letter to the Court stating that there are no disputes as to claims of privileged documents).<br><br>**If a party intends to file a letter brief requesting permission to file a motion for summary judgment of invalidity based on indefiniteness,** it must provide a preliminary identification of any expert testimony it intends to rely on in its motion.  The moving party shall also provide a brief description of that witness's proposed testimony.  If a party intends to file an indefiniteness challenge without the benefit of expert testimony, it must inform the nonmoving party. |
| March 28, 2016 | **First mediation to be completed.** |

7

| | |
|---|---|
| March 23, 2016 | In order to facilitate the P.R. 4-2 Exchange of Preliminary Claim Constructions and Extrinsic Evidence, as well as structure the *Markman* Hearing, the parties shall meet and confer to limit the terms in dispute, jointly identifying and prioritizing a maximum of 10 terms that are likely to be most significant in resolving the parties' dispute, including the terms where construction may be case or claim dispositive. If more than 10 terms are to be construed, the parties must collectively seek leave from the Court.<br><br>If the doctrine of equivalents is asserted, the parties shall disclose any prior art that purportedly ensnares the asserted equivalent. |
| February 26, 2016 | **Deadline to File Letter Brief Requesting Early Markman Hearing/Summary Judgment.** The Court will permit Defendant to submit, if desired, a request to construe no more than three "case dispositive" claim terms in a letter brief. The letter brief shall explain the Defendant's proposed constructions of the term(s) and why such a construction will dispose of the case. See the Court's website for further information.<br><br>The early claim construction proceeding is intended to address dispositive issues with regard to noninfringement, not indefiniteness. The Docket Control Order outlines a different procedure for motions for summary judgment of indefiniteness. Such issues will be addressed at the *Markman* hearing during the regular course of litigation. |
| January 15, 2016 | **Comply with P.R. 4-1** - Exchange Proposed Terms and Claim Elements for Construction. |
| January 8, 2016 | **Comply with P.R. 3-3 and 3-4** - Invalidity Contentions due.  Thereafter, except as provided in Patent Rule 3-6(a), it is necessary to obtain leave of Court to add and/or amend invalidity contentions, pursuant to Patent Rule 36(b). |
| December 18, 2015 | Defendant shall assert any counterclaims. After this deadline, leave of Court must be obtained to assert any counterclaims. |
| December 7, 2015 | **Parties exchange Disclosures specified in the Discovery Order at ¶ 2.b and 2.c.** |
| October 23, 2015 | **Parties exchange Disclosures specified in the Discovery Order at ¶ 1.** |

8

| October 16, 2015 | **Comply with P.R. 3-1 and P.R. 3-2** - Disclosure of Asserted Claims and Infringement Contentions due. Thereafter, except as provided in Patent Rule 3-6(a), it is necessary to obtain leave of Court to add or amend infringement contentions, pursuant to Patent Rule 3-6(b). |
| --- | --- |
| | Plaintiff shall join additional parties. It is not necessary to file a motion to join additional parties prior to this date. Thereafter, it is necessary to obtain leave of Court to join additional parties. |
| | Plaintiff shall add new patents or claims for patents-in-suit. It is not necessary to file a motion to add additional patents or claims prior to this date. Thereafter, it is necessary to obtain leave of Court to add patents or claims. |
| October 9, 2015 | Defendant shall join additional parties. It is not necessary to file a motion to join additional parties prior to this date.   Thereafter, it is necessary to obtain leave of Court to join additional parties. |
| October 1, 2015 | **Deadline to File Motion to Transfer Venue.** In the alternative, parties shall move for an extension of time to file a motion to transfer. |
| *No. of trial days* | 10 days |

In the event that any of these dates fall on a weekend or Court holiday, the deadline is modified to be the next Court business day.

The parties are directed to Local Rule CV-7(d), which provides in part that "[i]n the event a party fails to oppose a motion in the manner prescribed herein the Court will assume that the party has no opposition." Local Rule CV-7(e) provides that a party opposing a motion has **17 days** in which to serve and file supporting documents and briefs after which the Court will consider the submitted motion for decision.

## OTHER LIMITATIONS

(a) All depositions to be read into evidence as part of the parties' case-in-chief shall be EDITED so as to exclude all unnecessary, repetitious, and irrelevant testimony; ONLY those portions which are relevant to the issues in controversy shall be read into evidence.
(b) The following excuses will not warrant a continuance nor justify a failure to comply with the discovery deadline:
   (i) The fact that there are motions for summary judgment or motions to dismiss pending;
   (ii) The fact that one or more of the attorneys is set for trial in another court on the same day, unless the other setting was made prior to the date of this order or was made as a special provision for the parties in the other case;
   (iii) The failure to complete discovery prior to trial, unless the parties can demonstrate that it was impossible to complete discovery despite their good faith effort to do so.

**So ORDERED and SIGNED this 18th day of December, 2015.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE