UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| **ADAPTIX, INC.,** </br>    Plaintiff, </br></br> v. </br></br> **ALCATEL-LUCENT USA, INC.,** </br> **AT&T, INC., AT&T MOBILITY, LLC,** </br> **and SPRINT SPECTRUM, L.P.** </br>    Defendants. | Civil Action No. 6:15-cv-00041-RWS-JDL </br></br> **CONSOLIDATED LEAD CASE** |

**PLAINTIFF'S REPLY TO COUNTERCLAIMS OF DEFENDANT**
**ALCATEL-LUCENT USA, INC.**

Plaintiff, ADAPTIX Inc. ("ADAPTIX"), replies to the counterclaims of defendant,

Alcatel-Lucent USA, Inc. ("ALU"):

## COUNTERCLAIMS

40. Admits.

41. Admits.

## COUNT 1

### (Non-Infringement of U.S. Patent No. 8,934,445)

42. Admits.

43. Denies.

44. Admits that ALU requests judgment, but denies ALU's entitlement to that judgment.

## COUNT 2

### (Invalidity of U.S. Patent No. 8,934,445)

45. Admits.

46. Denies.

47. Denies.

48. Denies.

## COUNT 3

### (Unenforceability of U.S. Patent No. 8,934,445)

49. Admits in the late 1990s AWS developed a fixed wireless system that included base stations and remote units, but otherwise denies.

50. Lacks knowledge or information sufficient to form a belief.

51. Admits U.S. Patent Nos. 6,801,775 and 6,801,513, assigned to AWS, listed Hong as an inventor, but otherwise lacks knowledge or information sufficient to form a belief.

52. Denies.

53. Lacks knowledge or information sufficient to form a belief.

54. Admits Hite started working at Broadstorm in October 2000, but otherwise denies.

55. Lacks knowledge or information sufficient to form a belief.

56. Admits Meiyappan began working at Broadstorm on October 9, 2000, but otherwise denies.

57. Denies.

58. Admits Broadstorm had no confidentiality agreement with AWS, but otherwise denies.

59. Denies.

60. Admits.

61. Denies.

## COUNT 4

### (Unenforceability of U.S. Patent No. 8,934,445)

62. Admits.

63. Admits he signed a September 16, 1998 agreement that included the cited clause, but without emphasis.

64. Admits the policy of the University of Washington included the cited provisions, but without emphasis.

65. Admits at the time Dr. Liu participated in the conception of the '375 patent claims, he was employed by both the University of Washington and Broadstorm, but otherwise denies.

66. Denies.

67. Denies.

68. Denies.

69. Denies.

70. Denies.

71. Admits.

72. Denies.

ADAPTIX respectfully requests that this Court:

    a.    Enter judgment in favor of ADAPTIX;

    b.    Deny all relief requested in ALU's Counterclaims;

    c.    Grant the relief requested by ADAPTIX in its complaint, and

    d.    Grant ADAPTIX such further relief as this Court finds appropriate.

## JURY DEMAND

ADAPTIX demands trial by jury on all issues in ALU's Counterclaims.

Date: December 28, 2015    **ADAPTIX, INC.**

By: */s/ James J. Foster*
Paul J. Hayes
Kevin Gannon
James J. Foster
**HAYES MESSINA GILMAN & HAYES, LLC**
200 State Street, 6th Floor
Boston, MA 02109
Tel: (617) 345-6900
Fax: (617) 443-1999
Email: phayes@hayesmessina.com
Email: kgannon@hayesmessina.com
Email: jfoster@hayesmessina.com

Craig Tadlock
Texas State Bar No. 00791766
Keith Smiley
Texas State Bar No. 24064869
**TADLOCK LAW FIRM PLLC**
2701 Dallas Parkway, Suite 360
Plano, Texas 75093
Phone: (903) 730-6789
Email: craig@tadlocklawfirm.com
Email: keith@tadlocklawfirm.com

**ATTORNEYS FOR PLAINTIFF ADAPTIX, INC.**

## CERTIFICATE OF SERVICE

I certify that counsel of record deemed to have consented to electronic service are being served on December 28, 2015, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3). Any other counsel of record will be served by electronic mail, facsimile transmission first class mail on this same date.

                                                */s/ James J. Foster*
                                                James J. Foster