**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | |
|---|---|
| **ADAPTIX, INC.,**<br>Plaintiff, | |
| v. | Civil Action No. 6:15-cv-00041-RWS-JDL |
| **ALCATEL-LUCENT USA, INC., AT&T, INC., AT&T MOBILITY, LLC, and SPRINT SPECTRUM, L.P.**<br>Defendants. | **CONSOLIDATED LEAD CASE** |

**PLAINTIFF'S REPLY TO COUNTERCLAIMS OF DEFENDANT AT&T MOBILITY, LLC**

Plaintiff, ADAPTIX Inc. ("ADAPTIX"), replies to the counterclaims of defendant AT&T Mobility LLC ("AT&T"):

**COUNTERCLAIMS**

40. Admits.

41. Admits.

**COUNT 1**

**(Non-Infringement of U.S. Patent No. 8,934,445)**

42. Admits.

43. Denies.

44. Admits that AT&T requests judgment, but denies AT&T's entitlement to that judgment.

**COUNT 2**

**(Invalidity of U.S. Patent No. 8,934,445)**

45. Admits.

46. Denies.

47. Denies.

48. Denies.

**COUNT 3**

**(Unenforceability of U.S. Patent No. 8,934,445)**

49. Admits in the late 1990s AWS developed a fixed wireless system that included base stations and remote units, but otherwise denies.

50. Lacks knowledge or information sufficient to form a belief.

51. Admits U.S. Patent Nos. 6,801,775 and 6,801,513, assigned to AWS, listed Hong as an inventor, but otherwise lacks knowledge or information sufficient to form a belief.

52. Denies.

53. Lacks knowledge or information sufficient to form a belief.

54. Admits Hite started working at Broadstorm in October 2000, but otherwise denies.

55. Lacks knowledge or information sufficient to form a belief.

56. Admits Meiyappan began working at Broadstorm on October 9, 2000, but otherwise denies.

57. Denies.

58. Admits Broadstorm had no confidentiality agreement with AWS, but otherwise denies.

59. Denies.

60. Admits.

61. Denies.

**COUNT 4**

**(Unenforceability of U.S. Patent No. 8,934,445)**

62. Admits.

63. Admits he signed a September 16, 1998 agreement that included the cited clause, but without emphasis.

64. Admits the policy of the University of Washington included the cited provisions, but without emphasis.

65. Admits at the time Dr. Liu participated in the conception of the '375 patent claims, he was employed by both the University of Washington and Broadstorm, but otherwise denies.

66. Denies.

67. Denies.

68. Denies.

69. Denies.

70. Denies.

71. Admits.

72. Denies.

ADAPTIX respectfully requests that this Court:

    a.    Enter judgment in favor of ADAPTIX;

    b.    Deny all relief requested in AT&T's Counterclaims;

    c.    Grant the relief requested by ADAPTIX in its complaint, and

    d.    Grant ADAPTIX such further relief as this Court finds appropriate.

## JURY DEMAND

ADAPTIX demands trial by jury on all issues in AT&T's Counterclaims.

Date: December 28, 2015        **ADAPTIX, INC.**

        By: */s/ James J. Foster*
        Paul J. Hayes
        Kevin Gannon
        James J. Foster
        **HAYES MESSINA GILMAN & HAYES, LLC**
        200 State Street, 6th Floor
        Boston, MA 02109
        Tel: (617) 345-6900
        Fax: (617) 443-1999
        Email: phayes@hayesmessina.com
        Email: kgannon@hayesmessina.com
        Email: jfoster@hayesmessina.com

        Craig Tadlock
        Texas State Bar No. 00791766
        Keith Smiley
        Texas State Bar No. 24064869
        **TADLOCK LAW FIRM PLLC**
        2701 Dallas Parkway, Suite 360
        Plano, Texas 75093
        Phone: (903) 730-6789
        Email: craig@tadlocklawfirm.com
        Email: keith@tadlocklawfirm.com

        **ATTORNEYS FOR PLAINTIFF**
        **ADAPTIX, INC.**

CERTIFICATE OF SERVICE

I certify that counsel of record deemed to have consented to electronic service are being served on December 28, 2015, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3). Any other counsel of record will be served by electronic mail, facsimile transmission first class mail on this same date.

*/s/ James J. Foster*
James J. Foster